IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LUCIANA RAMOS,  )  <br>         Plaintiff,  )  <br>              ) <br> v.           ) <br>              ) <br> MICHAEL J. ASTRUE,  ) <br> Commissioner of the Social  ) <br> Security Administration,  ) <br>         Defendant.  ) | NO. EP-11-CV-00164-RFC <br> (by consent) |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner), denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423(d), 1382c(a)(3). Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, the Commissioner's decision is affirmed.

**PROCEDURAL HISTORY**

On September 7, 2007, Plaintiff filed her applications for DIB and SSI, alleging disability due to impairments that became disabling on July 21, 2007. (R:108, 115)[1] The applications were denied initially and on reconsideration. (R:70-75, 79-85) Pursuant to Plaintiff's request, an

---

[1] Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])". Reference to the record of administrative proceedings filed in this case is designated by "(R:[page number(s)])".

Administrative Law Judge (ALJ) held a hearing to review Plaintiff's applications *de novo* on June 22, 2009, at which Plaintiff, a medical expert, and a vocational expert (VE) testified; Plaintiff was represented by an attorney and testified with the aid of an interpreter. (R:39-63, 88-107) The ALJ issued a decision on October 26, 2009, denying benefits on the basis that Plaintiff could perform other work. (R:12-30) Plaintiff's request for review was denied by the Appeals Council on January 10, 2011. (R:6-10) Plaintiff's request for an extension of time to file a civil action was granted on March 25, 2011. (R:1-3)

On April 26, 2011, Plaintiff submitted her complaint along with a motion to proceed *in forma pauperis*. (Doc. 1) The motion was granted and her complaint was filed. (Docs. 4-5) The Commissioner filed an answer on July 26, 2011, and a certified copy of the transcript of the administrative proceedings was received on the same date.[2] (Docs. 13, 15) On August 27, 2011, Plaintiff's brief was filed. (Doc. 20) On September 22, 2011, the Commissioner filed his brief in support of the decision to deny benefits. (Doc. 21) On October 3, 2011, Plaintiff filed a Reply brief. (Doc. 22)

## ISSUES

Plaintiff's sole claim is that the ALJ's assessment of Plaintiff's Residual Functioning Capacity (RFC) is not supported by substantial evidence. (Doc. 20:2)

---

[2] Both parties having filed notices of consent to proceed before a Magistrate Judge, this cause was reassigned to this Court on July 26, 2011, by order of District Court Judge Philip R. Martinez. (Docs. 3, 14, 16)

## DISCUSSION

### A.   *Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

B.      *Evaluation Process*

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which. . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a medically determinable impairment that is severe; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. Plaintiff's RFC is what she can still do despite her limitations or impairments. 20 C.F.R. § 404.1545(a); SSR 96-8p.

An individual applying for benefits bears the initial burden of proving that she is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof on the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

C.      *The ALJ's Hearing Decision*

Relevant to Plaintiff's claim, the ALJ found that Plaintiff had severe impairments including degenerative disc disease, bulging disc with nerve root compression at L5-S1, hypertension, diabetes mellitus, basal joint arthritis, and obesity. (R:21) After finding that Plaintiff did not have an

4

impairment or combination of impairments meeting or medically equaling one of the listed impairments, the ALJ found that:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can lift or carry 20 pounds occasionally and 10 pounds frequently; she can stand or walk for 6 hours in an 8 hour day; she can sit for 6 hours in an 8 hour day; she may never climb ropes, ladders, or scaffolds; she may never kneel, crouch, or crawl; and she communicates only in Spanish.

(R:21)

Specifically, the ALJ found that Plaintiff's impairments could reasonably be expected to cause the symptoms Plaintiff alleged, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of such symptoms were not credible to the extent they conflict with the RFC assessed. (R:22)

The ALJ noted that the letter from Rebecca Oliver, a registered nurse, dated August 24, 2007, stating that claimant suffered from severe back pain severely impairing her ability to work and perform activities of daily living, was not written for the purpose of medical diagnosis or treatment and was not supported by any specific limitations or diagnosis. (R:23-24)

The ALJ then noted the consultative physical examination on December 12, 2007, with Dr. Jaime Midez, at which Plaintiff reported constant pain and muscle spasms throughout her spine, revealed no stiffness or difficulty walking to the examination table, a normal gait, and no muscle spasm or other physical abnormalities. (R:24)

The ALJ noted the RFC assessment submitted by a non-examining state agency doctor on January 16, 2008, concluding that Plaintiff was capable of a full range of medium work. (R:24)

The ALJ then summarized the opinion of the medical expert who testified at Plaintiff's hearing. (R:24)

The ALJ stated that the ALJ's RFC assessment was supported by the treating medical evidence and the opinion of the medical expert. (R:24)

Having found that Plaintiff is unable to perform her past relevant work, (R:24) at the fifth step, based on vocational expert testimony, the ALJ found that, considering Plaintiff's age as a younger individual, her education as functionally illiterate and unable to communicate in English, her work experience, and her RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R:24-25) Therefore, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from July 21, 2007, through the date of the ALJ's decision. (R:25)

## D. *Analysis*: The ALJ's RFC assessment is supported by substantial evidence

Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence. (Doc. 20) Specifically, Plaintiff contends that the ALJ failed to include a sit/stand option relating to Plaintiff's severe degenerative disc disease and bulging disc with nerve impingement either in Plaintiff's RFC or in the hypothetical to the vocational expert. (Doc. 20:4) The ALJ did, however, present the vocational expert with a hypothetical in response to which the expert addressed a sit/stand option. (R:61) Thus, the only issue is whether the ALJ's decision to not include a sit/stand option requirement in Plaintiff's RFC is supported by substantial evidence.

In support of her claim, Plaintiff cites to several medical records from 2000, 2004, and 2007 indicating Plaintiff had disc problems in her lumbar and thoracic segments. (Doc. 20:4-5) None of these records, however, reflect an objective clinical observation that Plaintiff had difficulty standing, sitting, or walking for any period of time. Plaintiff also cites her own testimony that she cannot stand

for long periods of time and can only stand/sit for about fifteen minutes at a time. (Doc. 20:5) The ALJ, however, found Plaintiff's statements regarding her functional limitations not credible to the extent they conflicted with the RFC assessed. (R:22) Credibility determinations are generally entitled to great deference. *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). In this case, both the ALJ's credibility determination and the ALJ's RFC determination are supported by substantial evidence.

Although Plaintiff reported constant pain and muscle spasms throughout her spine, Dr. Midez's consultative examination in December 2007 found no impairments for activities of daily living. (R:332-333) Dr. Midez found that x-ray showed osteoarthritic changes with osteophyte seen at L1-L2 and L2-L3, that Plaintiff had the ability to bend forward 70 degrees, no tenderness to palpation of the lumbar sacral area, no muscle spasm, normal gait, no active inflammatory changes in the joints, no deformities, no muscle atrophy, all joints with normal range of motion, and ability to walk on toes/heels. (*Id*.) Plaintiff has cited to no medical records later than December 2007 to support a finding of a need for a sit/stand option. (Doc. 20)

On January 16, 2008, agency medical consultant Dr. Ligon Laurence, having reviewed the evidence in the record, assessed Plaintiff as able to lift/carry 50 pounds occasionally and 25 pounds frequently, stand/walk and sit about 6 hours in an 8-hour workday, and push/pull as limited by lift/carry, with no postural, manipulative, visual, communicative, or environmental limitations. (R: 335-342)

Though not relied on by the ALJ or either party, the Court also takes note of the following records. September 2008 medical records show Plaintiff reported her back pain was about the same as it had been in the past. (R:428) In October 2008, Plaintiff's record of patient encounter does not

mention back pain. (R:426-427)  In May of 2009, Plaintiff's record of patient encounter indicates that, while Plaintiff complained of back pain without cause, stiffness, and limitation of movement, she denied any limitations of activity caused by her back pain. (R:407-408)

At the hearing, the ALJ asked the medical expert, who had reviewed the record, what functional limitations she would anticipate Plaintiff may have due to her impairments. (R:44-45) The medical expert stated she would limit Plaintiff to light work, no ropes, scaffolds, ladders, crawling, crouching, or kneeling, and occasional stooping. (R:45)

Plaintiff was represented by an attorney at the hearing. (R:18, 46)  Plaintiff's attorney was given an opportunity to question the medical expert and did not ask any questions, including any questions about a limitation in duration of sitting/standing or walking or the need for a sit/stand option. (R:46)  The burden was on Plaintiff to provide evidence to the ALJ to establish her disability, particularly evidence of her functional limitations so that the ALJ could assess Plaintiff's RFC. *Bowen v. Yuckert*, 482 U.S. at 146 n.5; *Selders v. Sullivan*, 914 F.2d at 618.  Plaintiff chose to rely solely on her own testimony.  The ALJ found such testimony not credible. (R:22)  That determination is supported by substantial evidence and is entitled to deference. *See Newton v. Apfel*, 209 F.3d at 459.

The ALJ's determination that Plaintiff did not require a sit/stand option finds substantial support in the record.  Plaintiff is not entitled to relief based on this claim.

## **CONCLUSION**

The Court concludes that the ALJ's findings are supported by substantial evidence. The Commissioner's decision is, therefore, **AFFIRMED**.

**SIGNED** and **ENTERED** on August 13, 2012.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE